IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANDREW MURPHY, # B-27772, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-559-JPG |
| | ) | |
| DR. DAVID, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Big Muddy River Correctional Center ("BMRCC"),

has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  He is serving a 20-year

sentence for home invasion and a 15-year sentence for aggravated discharge of a firearm.  The

events giving rise to this action occurred while Plaintiff was confined at Shawnee Correctional

Center ("Shawnee").  This case is now before the Court for a preliminary review of the

complaint pursuant to 28 U.S.C. § 1915A.

Plaintiff states that Defendant Dr. David held himself out to be a qualified doctor at

Shawnee, but in fact was not a physician (Doc. 1, pp. 2-3).  On September 29, 2012, Defendant

David took Plaintiff's blood pressure and performed a "thorough physical" (Doc. 1, p. 3).

Plaintiff also saw Defendant David on January 4, 2012, and January 3, 2013.  Plaintiff does not

mention the reason(s) why he consulted Defendant on any of these occasions, nor does he

indicate that he required or obtained any medical treatment.  He claims that his "well being, as

well as [his] health, has been put in harm's way" because he was not seen by a qualified doctor.

*Id*.  He continues, "If I'm having a health problem, how rewarding it would be, to be seen by

someone who is trained in that field of medicine?" (Doc. 1, p. 3).  He asks the Court to provide

him with answers, and any relief the Judge deems appropriate (Doc. 1, pp. 3, 5).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the

complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which

relief may be granted, or seek monetary relief from an immune defendant.  An action or claim is

frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S.

319, 325 (1989).  Frivolousness is an objective standard that refers to a claim that "no reasonable

person could suppose to have any merit."  *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir.

2000).  An action fails to state a claim upon which relief can be granted if it does not plead

"enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line

between possibility and plausibility."  *Id*. at 557.  Conversely, a complaint is plausible on its face

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its

authority under § 1915A, and shall dismiss this case.

The Eighth Amendment's prohibition against cruel and unusual punishment encompasses

a prisoner's right to be treated for a harmful or painful medical condition.  *See Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Farmer v. Brennan*, 511 U.S. 825 (1994); *Estelle v.*

*Gamble*, 429 U.S. 97, 104 (1976).  In order to state a constitutional claim for deliberate

indifference to a serious medical need, an inmate must show that he (1) suffered from an

objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition.  "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk."  *Gomez v. Randle,* 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted).  However, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm."  *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).  Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.  *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

In the instant complaint, Plaintiff does not claim to have been suffering from any medical problem whatsoever during any of his visits to Defendant David.  To the contrary, his claim is purely speculative – *if* he had a health problem, he could have been harmed if he had been unable to see a qualified doctor.  This falls far short of an actionable claim for deliberate indifference.  In or out of prison, it is common for nurses, physician's assistants, and other medical professionals who are not doctors to examine patients and take their vital signs.  Had there been a need for Plaintiff to be examined by a doctor, Defendant could have referred him to one.  Nothing in the complaint suggests that a physician referral was necessary, or that Plaintiff suffered from any objectively serious condition that Defendant David failed to properly address.

Finally, even if Defendant David fraudulently claimed to be a doctor when he was not, such deception does not violate the Constitution.

Plaintiff's complaint does not remotely state an Eighth Amendment claim for deliberate indifference, nor can the Court discern any other constitutional violation from the facts alleged.

Not only was Plaintiff not harmed in the least by the examination conducted by Defendant David, he appears to have received the benefit of a routine basic medical assessment on three occasions.  This civil rights complaint is thus entirely frivolous and subject to dismissal under § 1915A.

**Pending Motions**

Plaintiff's motion for leave to proceed in forma pauperis (IFP) (Doc. 2) shall be addressed in a separate order.

Because this action shall be dismissed, Plaintiff's motion for recruitment of counsel (Doc. 3) and motion for service of process at government expense (Doc. 4) are **DENIED AS MOOT.**

**Disposition**

For the reasons stated above, this action is **DISMISSED with prejudice** as frivolous.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00[1] remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181

---

[1] If Plaintiff's motion for leave to proceed IFP is granted, the amount of his filing fee shall be $350.00.  A litigant who is granted IFP status is not assessed the $50.00 administrative fee for filing an action in a district court, thus the filing fee is reduced to $350.00.  *See* Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."

A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e)[2] may toll the 30-day

appeal deadline.  FED. R. APP. P. 4(a)(4).

      The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

      **IT IS SO ORDERED.**

      **DATED: June 9, 2014**

*s/ J. Phil Gilbert*
United States District Judge

---

[2] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  FED. R. CIV. P. 59(e).